IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 3:21-MJ-445 (ML) |
| | ) | |
| v. | ) | |
| | ) | |
| **JEREMIE HOYT,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OFFER OF PROOF

In anticipation of the defendant's scheduled change of plea, the United States submits this Offer of Proof to provide the Court with and advise the defendant concerning the potential maximum penalties, a non-exhaustive list of adverse consequences that may flow from conviction, the elements of the offenses, and a factual basis for the defendant's guilty plea. **The government respectfully requests that the Court ask the defendant to acknowledge the accuracy of the factual basis or to state with specificity disagreement with any of the facts described in it.**

**1)** **Potential Maximum Penalties:** The Court can impose the following maximum penalties for the offenses to which the defendant is pleading guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below:

a) **Maximum term of imprisonment:** 30 years on Counts 1 and 2, pursuant to 18 U.S.C. § 2251(e), 20 years on Counts 3, 4, and 10 years on Count 5 pursuant to 18 U.S.C. §§ 2252A(b)(1) and (2).

b) **Mandatory minimum term of imprisonment:** 15 years on Counts 1 and 2, pursuant to 18 U.S.C. § 2251(e), 5 years on Counts 3 and 4 pursuant to 18 U.S.C. § 2252A(b)(1).[1]

---

[1] There is no mandatory minimum term of imprisonment for a conviction on Count 5 of the Information.

c) **Maximum fine:** $250,000 per count, pursuant to 18 U.S.C. § 3571.

d) **Supervised release term:** In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release between 5 years and life, to begin after imprisonment. *See* 18 U.S.C. § 3583(k). A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment.

e) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013.

f) **Additional Special Assessment:** In addition to the assessment imposed under § 3013, unless the court finds the defendant to be indigent, the defendant shall pay an additional assessment of $5,000 pursuant to 18 U.S.C. § 3014(a). This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which this assessment is based. 18 U.S.C. § 3014(b).

h) **Required Registration for Sex Offenders:** Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student. For initial registration purposes, the defendant also must register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction. A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment.

**Restitution:** Pursuant to 18 U.S.C. § 2259(a) and (b)(1) the defendant shall be directed to pay restitution to the victim of his offenses of conviction, through the appropriate court mechanism, for the full amount of the victim's losses. The "full amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim, including: medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; reasonable attorneys' fees, as well as other costs incurred; and any other relevant losses incurred by the victim. 18 U.S.C. § 2259(c)(2)(A)-(F). As to Counts 3 – 5, that amount shall be no less than $3,000. 18 U.S.C. § 2259 (b)(2)(A) and (B).

i) **Child Pornography Assessment:** In addition to any other criminal penalty, restitution, or special assessment authorized by law, pursuant to 18 U.S.C. § 2259A(a), the court shall order a mandatory assessment for each count of conviction in an amount of not more than $50,000.00 on Counts 1 and 2 pursuant to 18 U.S.C. § 2259A(a)(3), not more than $35,000.00 on Counts 3 and 4 pursuant to 18 U.S.C. § 2259A(a)(2) and not more than $17,000 on Count 5 pursuant to 18 U.S.C. § 2259A(a)(1). The court shall consider the factors set forth in sections 3553(a) and 3572 to determine the amount of the assessment, 18 U.S.C. § 2259A(c), and imposition of such assessment does not relieve a defendant of, or entitle a defendant to reduce the amount of any other penalty by the amount of the assessment. 18 U.S.C. § 2259A(d).

3

j) **Forfeiture:** Pursuant to 18 U.S.C. § 2253(a)(3) and 21 U.S.C. § 853(p), the Court may enter an order directing forfeiture to the United States of the property described in the Forfeiture Allegation in the information described above as more fully set out below:

(1) One iPhone 11 Pro Max cellular telephone, IMEI 352849115554515, manufactured in China; and

(2) One iPad Pro 4th Generation, IMEI 352782113393745, manufactured in China.

2) **Other Adverse Consequences:**

a) Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

b) A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

3) **Elements of Offenses:**

a) Counts 1 and 2

For the defendant to be convicted of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) the government must prove the following elements beyond a reasonable doubt:

> First, the victim was less than 18 years old;
>
> Second, the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of willfully causing the production of a visual depiction or the transmission of a live visual depiction of that conduct; and
>
> Third, the visual depiction was actually transported or transmitted in or affecting interstate commerce, or the defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate commerce, or the visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce

4

b) Counts 3 and 4

For the defendant to be convicted of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), the government must prove the following elements beyond a reasonable doubt:

> First, that the defendant knowingly distributed a visual depiction;
>
> Second, the visual depiction was distributed or transported in interstate commerce using a means or facility of interstate or foreign commerce, or in or affecting such commerce by any means, including by computer;
>
> Third, that the visual depiction was child pornography; and
>
> Fourth, that the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of an actual minor engaged in sexually explicit conduct.

c) Count 5

For the defendant to be convicted of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), the government must prove the following elements beyond a reasonable doubt:

> First, that the defendant knowingly possessed material that contains one or more visual depictions which were child pornography;
>
> Second, the visual depiction had been mailed or shipped or transported using a means and facility of interstate commerce or foreign commerce, or in or affecting such commerce by any means including by computer, or was produced using materials that had been shipped or transported in and affecting such commerce by any means including by computer; and
>
> Third, the defendant knew of the sexually explicit nature of the visual depiction and that the visual depiction was of an actual minor engaged in sexually explicit conduct.

4) **Factual Basis for Guilty Plea:**

   a) At all times relevant to the information, the defendant was living in Delaware County, New York, which is located in the Northern District of New York. The conduct described below occurred in Delaware County.

   b) On or about August 19, 2019, the defendant used a male child born in 2006 (V-1) whose identity is known to the defendant, to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. Specifically, using an iPhone 8 Plus, the defendant took a digital picture zoomed in of V-1's naked erect penis when he was in the bathroom. The defendant focused the camera of the cellular telephone on the victim's penis for the purpose of producing a visual depiction of the lascivious exhibition of the victim's genitals, and did in fact produce an image depicting the lascivious exhibition of the child's genitals. The cellular telephone used to produce the image of V-1 was manufactured outside of New York state and accordingly is material that has been transported in and affecting interstate or foreign commerce.

   c) On or about November 11, 2020, the defendant used a male child born in 2006 (V-1) whose identity is known to the defendant, to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. Specifically, using an iPhone 11 Pro Max, IMEI 352849115554515, the defendant recorded a digital video of V-1 masturbating. The defendant focused the camera of the cellular telephone on the victim's penis for the purpose of producing a visual depiction of the victim masturbating, and did in fact produce a video depicting the child masturbating. The cellular telephone used to produce the video of V-1 was manufactured in China and accordingly is material that has been transported in and affecting interstate or foreign commerce.

d) On January, 20, 2021, the defendant transmitted the above-described lascivious depiction of V-1's genitals created by the defendant on August 19, 2019, to another individual over the internet using the social media messaging application WhatsApp.

e) On March 15, 2021, the defendant transmitted the above-described video of V-1 masturbating that was created by the defendant on November 11, 2020, to another individual over the internet using a text messaging application.

f) The defendant knowingly possessed the image of V-1's naked erect penis taken on August 19, 2019, and the video of V-1 masturbating recorded on November 11, 2020, on an iPad Pro 4th Generation, IMEI 352782113393745, manufactured in China that was seized from the defendant's residence on April 28, 2021, pursuant to a search warrant.

g) The defendant acknowledges that the items listed in the forfeiture allegation of the information and in paragraph 1(j) contained child pornography files involved in the offenses of conviction, and/or were used or intended to be used to facilitate those offenses.

Respectfully submitted,

CARLA B. FREEDMAN
United States Attorney

_____
Geoffrey J. L. Brown
Assistant United States Attorney
Bar Roll No. 513495

3/25/22
Date